Filed 6/28/22 P. v. Allen CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C094134 |
| Plaintiff and Respondent, | (Super. Ct. No. 20FE016461) |
| v. | |
| ANTHONY LEE ALLEN, | |
| Defendant and Appellant. | |

At defendant Anthony Lee Allen's jury trial, witnesses testified to defendant entering a liquor store on October 5, 2020, taking food and a drink, and walking out without paying. When he was confronted by two store employees, one wielding a bat, defendant took out a gun and pointed it at the employees, who backed off; defendant then biked away. Video of the incident from the store's surveillance cameras was shown to the jury.

The jury found defendant guilty of two counts of second degree robbery, finding true for each that he personally used a firearm, and one count of felon in possession of a firearm. The trial court conducted a bench trial on defendant's prior conviction and found beyond a reasonable doubt that he had been convicted of a prior strike offense.

1

At the sentencing hearing on May 19, 2021, the trial court stated: "[B]ased on [defendant's] record, not so much the circumstances of the offense, but on his record, I'm looking at upper term doubled . . . . [B]ecause of his record, I think it's warranted." The court also found his use of a gun was an aggravating circumstance and also found true all five of the aggravating factors under California Rules of Court, rule 4.421(b). The court found no factors in mitigation.

The court then imposed the upper term of five years for each robbery conviction, doubled for the prior strike and running the second concurrently, and then eight months (one-third midterm) for the felon in possession of a firearm conviction, also doubled for the strike, for a total term of 11 years four months. The court also struck the firearm enhancements and a prior prison term enhancement. The trial court then imposed a $300 restitution fine; a $300 parole revocation fine; three $40 court operations assessments; three $30 court facility fees; a $10 fine for the crime prevention program; a main jail booking and classification fee; and $702 for the "investigation and presentence report cost."

Defendant timely appealed.

At the request of defendant's appellate counsel, the trial court struck fees no longer authorized by law: the main jail booking and classification fee and the "investigation and presentence report costs."

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

2

Having examined the record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

/s/
Robie, Acting P. J.

We concur:

/s/
Hull, J.

/s/
Krause, J.

3